UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 06-20185
                                 HONORABLE VICTORIA A. ROBERTS
v.

CHRISTOPHER BRANDON SCOTT,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL

Before the Court is Defendant Christopher Brandon Scott's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 29(c) and 33(b)(2). (Doc. # 716). On June 27, 2012, Defendant was convicted of Conspiracy to Use Facilities of Interstate Commerce in the Commission of a Murder-for-Hire, in violation of 18 U.S.C. § 1958.

Under Fed. R. Crim. P. 29(c)(2), "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." "In a sufficiency-of-evidence challenge to a conviction, the question is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Grubbs*, 506 F.3d 434, 438 (6th Cir. 2007) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991)); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court can reverse a jury's verdict for insufficient evidence only if it is not supported by "'substantial and competent evidence'" on the record as a whole. *Grubbs*, 506 F.3d at

1

438 (quoting *Blakeney*, 942 F.2d at 1010). The Court cannot re-weigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Lastly, the Court must "make all reasonable inferences and credibility choices in support of the jury's verdict." *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006) (citation and quotation marks omitted). This standard is difficult to overcome; it places a very heavy burden on the defendant. *United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011).

Under Fed. R. Crim. P. 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." With respect to a Rule 33(b)(1) motion based on newly discovered evidence, the Sixth Circuit opines:

> Although the plain language of Rule 33's text requires the evidence to be newly discovered, courts have narrowly construed the rule by placing limitations on the new evidence that may warrant the grant of a motion for new trial. The defendant must establish the following: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal.

*United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Motions for a new trial based on new evidence should be granted with caution. *Id*. The defendant bears the burden to show that a new trial is warranted. *Id*.

Defendant does not meet his heavy burden under either of these rules. His Rule 29 motion invites the Court to re-weigh the evidence, re-evaluate the credibility of witnesses, and substitute its judgment for that of the jury. He also challenges the Court's evidentiary rulings. None of this is proper under Rule 29. There was substantial

2

evidence of Defendant's guilt.  A rational trier of fact could have found Defendant guilty beyond a reasonable doubt.

Defendant's Rule 33 argument fares no better. He does not identify any newly discovered evidence entitling him to a new trial.  The evidence on which he relies – that an older couple may have witnessed the shooting – is not "new"; it came out at trial and was the subject of cross-examination.  Furthermore, it is not likely to produce acquittal.  The other grounds asserted do not entitle Defendant to a new trial.

The Court **DENIES** Defendant's motion.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 10, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 10, 2012.

s/Linda Vertriest
Deputy Clerk