UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Case No. 06-20185

-vs-

Hon. Victoria A. Roberts

D-2   MARCUS LAMONT FREEMAN,

Defendant.

_____/

## SENTENCING MEMORANDUM OF UNITED STATES AS TO DEFENDANT MARCUS LAMONT FREEMAN

The United States of America, by its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Dawn N. Ison, Assistant United States Attorney, respectfully submits this Sentencing Memorandum regarding defendant Marcus Freeman, who is scheduled to be sentenced on December 13, 2016.  For the reasons provided below, the government recommends a sentence of 180 months' imprisonment.

I.   Background

Defendant Roy West hired Marcus Freeman and Christopher Scott to stake out and kill Leonard Day after Day stole jewelry and money from West. And Marcus Freeman, Christopher Scott and an unknown third man murdered Day on

1

December 20, 2005, at 14759 Kilbourne, in the city of Detroit. Freeman and Scott then drove to Akron, Ohio to collect their reward money from West that same night.

On October 5, 2015, Marcus Freeman pleaded guilty to killing a person while engaged in an offense punishable under section 924(c) and aiding and abetting in such offense, in violation of 18 U.S.C. §§ 924(j) and 2, pursuant to a Rule 11 plea agreement. During his plea colloquy, Freeman admitted to killing Day with a firearm on December 20, 2005.

II.    Sentencing Calculation

A.    Statutory Maximum Sentence

As set forth in 18 U.S.C. § 924(j), the maximum sentence that may be imposed on defendant is life imprisonment.  The maximum fine is $250,000. United States Sentencing Guidelines, Section 2A1.2, which is the guideline section for second degree murder, applies to this case.

B.    Base Offense Level and Specific Offense Characteristics

1.    Base Offense

Freeman's base offense level is 38.  The probation department agrees that the appropriate base offense level is 38. (PSIR, ¶ 36).  A three-level reduction for acceptance of responsibility is the only additional adjustment to the offense level under USSG § 3E1.1.  The probation department concurs with the parties'

calculation of the base offense level, specific offense characteristics, and adjustments. (PSIR, ¶¶ 37-45).

>    2. <u>Sentencing Guidelines Calculations</u>

Based on the foregoing, the parties agree and the probation department concurs that Freeman's adjusted base offense level is 35, after the three level reduction for acceptance of responsibility.  With a total offense level of 35 and criminal history category of VI, the applicable sentencing guideline range is 292-365 months. The probation department calculated the same guideline range. However, the parties have stipulated and agreed that the appropriate sentence in this case should be 180 months' imprisonment.

> III.   <u>Section 3553(a) Factors</u>

>    A. <u>Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1)</u>

This is a very serious offense.  Freeman agreed to kill Day and did kill Day solely for pecuniary gain.  Murder is the most serious crime. The nearly month long manhunt combined with the actual killing makes this an even more egregious offense.

>    B. <u>Freeman's History and Characteristics (18 U.S.C. § 3553(a)(1))</u>

Freeman is 37 years old and has resided in Detroit, Michigan for

most of his life.  Freeman is single, and he has four children, three of which are

minors. All of Freeman's children reside with their respective mothers.   However,

Freeman appears to have a good relationship with all of his children.  (PSIR ¶ 57).

Freeman has an extensive prior criminal record, which includes felony drug

trafficking offenses, theft, and firearms offenses. As a result, Freeman is a career

offender (PSIR, ¶ 51). However, Freeman is a high school graduate. In addition, he

was self-employed as a musician between 2003 and 2006, including at the time of

this offense. The probation officer verified that Freeman also previously owned

and operated CEO Windows, a window installation company between 2000 and

2003.  Freeman has no additional employment history.

C.  Seriousness of the Offense, Just Punishment and Respect for
    the Law 18 U.S.C. § 3553(a)(2)(A))

A reasonably significant prison sentence is warranted to reflect the

seriousness of Freeman's crimes, to provide just punishment for those crimes and

to promote respect for the law.  Freeman committed murder, the most serious

crime.  Now, after the Sixth Circuit vacated his prior conviction by jury for this

offense, Freeman has final accepted responsibility for his actions by pleading

guilty and relieving the government from conducting yet another trial in this highly

litigious case. This provides closure for the numerous witnesses, including

relatives of Day, who have testified in the five jury trials in this case. This also

allows the Court and the government to allocate resources more efficiently.  The

parties, therefore, have agreed that an appropriate and reasonable sentence in this case is 180 months' imprisonment.

### D. Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

Violent crime is a serious crime in this country, particularly in Detroit, Michigan. A reasonably significant prison sentence is warranted to deter others from committing this crime.  The parties agree that a sentence of 180 months is a significantly reasonable sentence under the circumstances of this case.

### E. Protect the Public from Further Crimes by Freeman (18 U.S.C. § 3553(a)(2)(C)

Although the devastating impact of violence in our communities raises a need to protect society from Freeman's conduct, Freeman has demonstrated contrition by pleading guilty.

### F. Kinds of Sentence and the Sentencing Guidelines Range (18 U.S.C. § 3553(a)(3)

As explained above, the maximum sentence is life imprisonment. The guidelines range is 292- 365 months. Therefore, a significant sentence of imprisonment is warranted in this case.  Defendant's co-defendant, Christopher Scott also pleaded guilty pursuant to a Rule 11 plea agreement on October 5, 2015. Like with Freeman, the government has agreed with Scott that 180 months in prison is an appropriate and reasonable sentence in his case.  Based on the facts of this case, Freeman and Scott engaged in identical conduct.  Both participated in the

manhunt for Day and the actual killing.  If the Court accepts the agreement of the parties, similar sentences for Freeman and Scott, based on the same conduct, would avoid unwarranted sentencing disparities in this case.

IV.   <u>Conclusion</u>

As set forth in the Rule 11 Agreement, the government respectfully requests that the Court impose a period of incarceration of 180 months' imprisonment. Such sentence would be sufficient but not greater than necessary to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Dawn N. Ison_____
Dawn N. Ison
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9567
dawn.ison@usdoj.gov

Dated: November 29, 2016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2016, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system, which will

send notification of such filings to the following:

Craig A. Daly
*Attorney for Marcus Lamont Freeman*

s/DAWN N. ISON_____
DAWN N. ISON
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9567
Email: dawn.ison@usdoj.gov

Dated: November 29, 2016