No. 18-1441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 11, 2018
DEBORAH S. HUNT, Clerk

ROY CHRISTOPHER WEST,                )
                                     )
    Petitioner-Appellant,            )
                                     )
v.                                   )    O R D E R
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent-Appellee.             )

    Roy Christopher West, a federal prisoner proceeding pro se, appeals a district court order denying his motion to vacate his sentence under 28 U.S.C. § 2255. The court construes West's notice of appeal as an application for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b).

    In April 2011, a jury convicted West of conspiring to use interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. The district court sentenced West to life imprisonment. This court affirmed, *United States v. West*, No. 11-2080 (6th Cir. Aug. 1, 2013) (order), and the Supreme Court denied West's petition for a writ of certiorari. Subsequently, we reversed co-conspirator Marcus Freeman's conviction, concluding that the district court had erred when it allowed FBI Special Agent Peter Lucas to provide lay testimony during the trial concerning the meaning of intercepted telephone conversations between the conspirators. *United States v. Freeman*, 730 F.3d 590, 595 (6th Cir. 2013).

    In 2014, West filed a § 2255 motion, an affidavit, and a supplement, in which he argued that: (1) there was insufficient evidence to support his conviction for conspiracy to commit murder-for-hire; (2) the district court abused its discretion when it permitted Agent Lucas to testify as both an expert and a lay witness without providing a cautionary instruction concerning

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12395 Filed 09/11/18 Page 2 of 8 (2 of 8)
Case: 18-1441 Document: 3-1 Filed: 09/21/2018 Page: 2

No. 18-1441
- 2 -

Lucas's alleged dual role; and (3) appellate counsel was ineffective for failing to argue that the district court erred when it allowed Lucas to provide improper lay and expert witness testimony. He also argued that (4) trial counsel was ineffective for failing to (a) request a cautionary instruction concerning Agent Lucas's dual role, (b) request an exemplar of West's voice to compare to the voices overheard on recordings of the intercepted telephone conversations between the conspirators, (c) investigate three potential defense witnesses, (d) seek a ruling from the district court concerning the impact of an Ohio authorization to conduct wiretap surveillance on Michigan's authorization to conduct such surveillance, (e) investigate a causation defense, and (f) file a Federal Rule of Criminal Procedure 33 motion for a new trial based on Lucas's allegedly improper dual role. Subsequently, West sought permission to amend his § 2255 motion to add a claim that co-conspirator Michael Bracey had provided perjured testimony against West. The district court denied that motion, concluding that amendment was time-barred and unwarranted.

Thereafter, the district court denied West's § 2255 motion, concluding that he could not relitigate his sufficiency-of-the-evidence claim, he had procedurally defaulted his claim that Agent Lucas was improperly allowed to testify as both an expert and lay witness, and he failed to show that appellate and trial counsel were ineffective. The district court denied West's motions for reconsideration and denied him a COA.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). When the district court's denial is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court's denial is based on a procedural ruling, the petitioner must demonstrate that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12396 Filed 09/11/18 Page 3 of 8
Case: 18-1441 Document: 3-1 Filed: 09/11/2018 Page: 3 (3 of 8)

No. 18-1441
- 3 -

**Applicable Procedural Bars**

West has not made a substantial showing that the district court erred when it denied his motion to amend his § 2255 motion to add a claim challenging co-conspirator Bracey's alleged perjured testimony. The district court determined that the claim was untimely because it was raised beyond the applicable one-year statute of limitations applicable to § 2255 motions. West's conviction became final on December 9, 2013, when the Supreme Court denied his petition for certiorari. Therefore, he had until December 9, 2014, to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). He did not present his new perjured-testimony claim until he filed his motion to amend on March 28, 2016, beyond the applicable one-year statute of limitations. In addition, the claim did not "relate back" to the original § 2255 motion because it constituted a new ground for relief based on facts distinct from the facts supporting the claims asserted in the original § 2255 motion. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 657 (2005). Reasonable jurists would not debate the district court's ruling on this issue.

The district court rejected West's insufficiency-of-the-evidence claim because the claim had already been rejected on direct appeal. *See Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). West argued that there was insufficient evidence to support his conviction because the government failed to prove that he offered anything of pecuniary value in exchange for the murder of Leonard Day. We rejected this argument on direct appeal. *West*, No. 11-2080, slip op. at 9-10. Because West has not identified exceptional circumstances or an intervening change in the law, reasonable jurists would not debate the district court's procedural ruling on this issue. *See Wright*, 182 F.3d at 467.

Next, the district court concluded that West had procedurally defaulted his claim that the district court abused its discretion when it permitted Agent Lucas to testify as both an expert and a lay witness without providing a cautionary instruction. Generally, if a defendant fails to assert a claim on direct appeal, it is procedurally defaulted. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12397 Filed 09/11/18 Page 4 of 8
Case: 18-1441 Document: 3-1 Filed: 09/11/2018 Page: 4 (4 of 8)

No. 18-1441
- 4 -

innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). West has not established cause or prejudice to excuse this default. Nor has he established that he is actually innocent of conspiring to commit murder-for-hire.

**<u>Ineffective Assistance of Counsel Claims</u>**

West failed to make a substantial showing that counsel's performance was deficient or prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court concluded that appellate counsel was not ineffective for failing to challenge Agent Lucas's allegedly improper dual role during the trial. West argued that Agent Lucas improperly provided expert and lay testimony consisting of his interpretation of the meaning of conversations overheard during intercepted telephone conversations between the co-conspirators. In support of this claim, West relied on this court's opinion reversing co-conspirator Freeman's conviction because the court determined that the district court had erred when it allowed Agent Lucas to provide lay testimony concerning the meaning of the intercepted telephone conversations. *Freeman*, 730 F.3d at 595. In this case, the district court determined that appellate counsel was not ineffective for failing to raise this issue because the trial transcript in West's trial established that the district court had explicitly ruled that Lucas could not "interpret the phone calls." Rather, pursuant to the parties' agreement, Agent Lucas was allowed to provide only expert testimony concerning the meaning of various slang terms used by gang members and drug dealers.

The district court also determined that West failed to show that trial counsel was ineffective. First, West argued that trial counsel was ineffective for failing to request a cautionary instruction concerning Agent Lucas's allegedly dual role. He also argued that counsel was ineffective for failing to file a Rule 33 motion for a new trial based on Agent Lucas's allegedly dual role. "A witness may 'testify as both a fact witness and an expert witness so long as there is either a cautionary jury instruction regarding the witness's dual roles or a clear demarcation between the witness's fact testimony and expert-opinion testimony.'" *United States v. Willoughby*, 742 F.3d 229, 239 (6th Cir. 2014) (quoting *United States v. Nixon*, 694 F.3d 623,

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12398 Filed 09/11/18 Page 5 of 8
Case: 18-1441 Document: 3-1 Filed: 09/11/2018 Page: 5 (5 of 8)

No. 18-1441
- 5 -

629 (6th Cir. 2012)); *see United States v. Smith*, 601 F.3d 530, 540 (6th Cir. 2010); *United States v. Lopez-Medina*, 461 F.3d 724, 745 (6th Cir. 2006). Although a cautionary instruction was not given, and there was no "clear demarcation" between Lucas's fact and opinion testimony, the district court concluded that West failed to establish that counsel's performance prejudiced him because the jury was instructed, in part, that:

> In deciding how much weight to give them, you should consider the witness's qualifications and how he or she reached conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

The district court noted that this court has held that when the jury is instructed that "they could reject the opinions given and that they should consider how the witnesses reached their conclusions," the instruction "was adequate to 'guard against the risk of confusion inherent when a law enforcement agent testifies as both a fact witness and as an expert witness.'" *United States v. Ham*, 628 F.3d 801, 806 (6th Cir 2011) (quoting *United States v. Lopez–Medina*, 461 F.3d 724, 744 (6th Cir. 2006)). Therefore, the district court concluded that trial counsel's failure to request a cautionary instruction did not prejudice West and that the decision to proceed to direct appeal instead of filing a Rule 33 motion did not constitute deficient performance. Reasonable jurists would not debate the district court's ruling on these issues.

Next, the district court concluded that trial counsel was not ineffective for failing to request an exemplar of West's voice to compare with the voices overheard on the intercepted conversations. West argued that he advised his attorney that none of the voices heard on the recordings were his. However, the district court rejected this claim, noting that West had stipulated that his voice could be heard on the recorded conversations. Reasonable jurists would not debate the district court's ruling on this issue.

The district court concluded that West failed to establish that counsel was ineffective for failing to investigate three potential defense witnesses—Tanisha Shirley, Candace Brown, and Lamont Willis. West argued that Shirley would have testified that West was not one of the four individuals that she had observed shoot Day. The district court concluded that this testimony

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12399 Filed 09/11/18 Page 6 of 8
Case: 18-1441   Document: 3-1   Filed: 09/21/2018   Page: 6   (6 of 8)

No. 18-1441
- 6 -

would not have been beneficial to West's defense because he was charged with conspiring to commit murder-for-hire, not as a shooter. West argued that Brown should have been called to testify about her jail conversations with co-conspirator Freeman. During one of those conversations, Freeman indicated that "Buc" still owed him some money. West noted that his nickname was also "Buck." He noted that counsel failed to "even attempt to contact Ms. Brown" to identify the "Buc" referred to in her conversation. However, as the district court determined, West failed to support his claim that he was not the "Buc" referred to during Brown's jailhouse conversation because he did not present an affidavit containing the substance of Brown's proposed testimony. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005). Finally, West argued that Willis would have testified that co-defendant Bracey was jealous of West. He maintained that Bracey's bias lead him to provide perjured testimony against West. However, the district court concluded that counsel was not ineffective because counsel had demonstrated Bracey's bias by showing that Bracey was testifying in exchange for a reduced sentence and that West failed to show that Willis's testimony would have strengthened his defense. Under these circumstances, reasonable jurists would not debate the district court's ruling on this issue.

Next, the district court concluded that the record belied West's argument that counsel was ineffective for failing to seek a ruling concerning the appropriateness of the Ohio and Michigan orders authorizing wiretaps. Counsel did file a motion to suppress wiretap evidence challenging those orders and presenting the arguments that West maintained counsel had failed to pursue. Reasonable jurists would not debate the district court's ruling on this issue.

The district court rejected West's argument that counsel should have pursued a causation defense. West maintained that Day's death may have been caused by the delay in medical treatment from paramedics who responded to a 911 call. West was charged with violating 18 U.S.C. § 1958(a), which provides that:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise

Case 2:06-cr-20185-MFL-VMM ECF No. 943, PageID.12400 Filed 09/11/18 Page 7 of 8
Case: 18-1441 Document: 3-1 Filed: 09/11/2018 Page: 7 (7 of 8)

No. 18-1441
- 7 -

> or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

The district court concluded that proof of the cause of Day's death was not an element of West's offense and, therefore, counsel was not ineffective for failing to pursue a causation defense. However, the statute calls for a sentence of death or life imprisonment "if death results," which arguably indicates that proof of causation is required. Nonetheless, West's self-supporting observation that a delay in medical treatment was the actual cause of Day's death involves pure speculation and does not support his claim that counsel was ineffective. Therefore, reasonable jurists would not debate the district court's ruling on this issue.

Accordingly, West's application for a COA is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 11, 2018

Mr. Phillip D. Comorski
Law Office
1300 Broadway Street
Suite 800
Detroit, MI 48173

Ms. Dawn N. Ison
United States Attorneys Office
Eastern District of Michigan
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Ms. Gabi D. Silver
Law Offices
431 Gratiot Avenue
Detroit, MI 48226

Re: Case No. 18-1441, *Roy West v. USA*
    Originating Case No. 2:14-cv-14748: 2:06-cr-20185-1

Dear Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Patricia J. Elder, Senior Case Manager
 for Jennifer Earl, Case Manager

cc: Mr. David J. Weaver

Enclosure

No mandate to issue